**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-46086-MSH |
| WILLIAM FRANCIS BERTRAND | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| CHARLES BARBOUR, JR. | ) | |
| | ) | |
| Plaintiff | ) | Adversary Proceeding |
| | ) | No. 12-4078 |
| v. | ) | |
| | ) | |
| WILLIAM FRANCIS BERTRAND SR. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER ON AMENDED COMPLAINT**

In a 353 paragraph, ten count amended complaint, the *pro se* plaintiff, Charles H.

Barbour, Jr., seeks judgment against the defendant and debtor in the main case, William F.

Bertrand, Sr., excluding his debt from Mr. Bertrand's discharge pursuant to Bankruptcy Code §

523 (a) (2), (4) and (6) or alternatively denying Mr. Bertrand's discharge pursuant to

§ 727 (a)(2)(A) and (B), (a)(3), (a)(4)(A) and (D), and revoking his discharge pursuant to §

727(d)(1) and (2).

At trial Mr. Barbour's case consisted entirely of the testimony of one witness, Mr.

Bertrand, along with various exhibits admitted into evidence. At the conclusion of Mr. Barbour's

1

case in chief, Mr. Bertrand moved for judgment on partial findings pursuant to Rule 7052(c) of

the Federal Rules of Bankruptcy Procedure.

After considering the evidence presented, including the testimony and the demeanor of

Mr. Bertrand, the arguments of the parties and the pleadings filed, I now render my findings of

fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

This adversary proceeding is a core matter pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

Mr. Bertrand is a serial bankruptcy filer, having filed eight bankruptcy petitions since 1995

and six since 2008. With the exception of the main case here, each of Mr. Bertrand's prior five

cases was dismissed for failure to pay court filing fees or to file required information with the

court.

The current case was initiated by a *pro se* chapter 7 petition filed by Mr. Bertrand on

December 10, 2010. Mr. Bertrand received his discharge in bankruptcy on July 15, 2011, and his

case was closed on July 20, 2011. On July 20, 2012, upon motion of Mr. Barbour, Mr. Bertrand's

chapter 7 case was reopened.

Upon reopening the case, the clerk of court discovered that due to an administrative error

caused in part by Mr. Bertrand's filing at the outset of his case a handwritten matrix list of creditors

rather than a typed list as required by the court's local rules, almost none of Mr. Bertrand's

creditors, including Mr. Barbour, had received notice of Mr. Bertrand's bankruptcy filing or of the

deadline to object to discharge or to seek to have a debt declared non-dischargeable. Consequently,

the court issued a notice to all creditors setting a new deadline regarding discharge and

2

dischargeability.[1] Establishing a new deadline for objecting to discharge had the effect of revoking

the prior discharge which had been entered on the incorrect premise that Mr. Barbour's creditors

had received proper notice of the original deadlines. It is for this reason that I denied Mr. Barbour's

motion to dismiss this adversary proceeding as being filed more than one year after the discharge

had entered and thus after the deadline for seeking discharge revocation under § 727(e). (See my

order dated December 3, 2012.) So that the record in the main case properly reflects Mr. Barbour's

discharge status as of July 20, 2012, when the main case was reopened and the new notice of

discharge deadlines was sent to creditors, I am herewith entering an order, *nunc pro tunc* to July

20, 2011, in the main case, revoking Mr. Barbour's discharge as having been granted in error.

Along with his chapter 7 petition commencing the main case, Mr. Bertrand filed, as the

Rules require, various supporting documents. These included schedules of assets and liabilities

and a statement of financial affairs (referred to hereafter as the SOFA). Mr. Bertrand personally

completed his chapter 7 petition, the schedules and SOFA in his own handwriting (as he had done

with his creditor matrix). At the end of each of the petition, schedules and SOFA Mr. Bertrand

signed a statement under the pains and penalties of perjury that the information they contained was

true and accurate.

At trial, Mr. Barbour questioned Mr. Bertrand about his chapter 7 petition, schedules and

SOFA. Mr. Bertrand admitted completing them himself and signing them under oath. He also

admitted during his examination by Mr. Barbour that prior to initiating his bankruptcy case he had

operated sole proprietorships or unincorporated businesses including R&M Demolition within

---

[1] The notice was entitled Notice to Added Creditors but it was sent to all creditors as Mr.
Barbour never filed a valid matrix.

eight years of his bankruptcy petition. When asked why he hadn't included R&M Demolition in the box on the front page of his chapter 7 petition requiring the listing of all other names, including trade names, used by the debtor in the eight years prior to the filing of the petition., Mr. Bertrand answered he didn't know.

Mr. Bertrand admitted during examination by Mr. Barbour that he owned all the stock of and was an officer and director of R&M Demolition and Excavation, Inc., which he had incorporated in New Hampshire in 2008. When asked by Mr. Barbour why he hadn't listed R&M in section 18 (c) of his SOFA requesting information about all businesses in which he was an officer or director within six years preceding the commencement of his case, Mr. Bertrand answered that he thought he had listed it. He hadn't. Mr. Bertrand also failed to list his stock in R&M as an asset on schedule B which requires a complete list of all personal property assets owned by a debtor as of the date of bankruptcy.

Mr. Barbour examined Mr. Bertrand about section 1 of his SOFA which sought disclosure of all income received by Mr. Bertrand from employment or operation of a business for the calendar year of the bankruptcy and for the two years prior. Mr. Bertrand wrote "none" in section 1. In his testimony at trial, Mr. Bertrand admitted that he had earned income in the year of and years prior to his bankruptcy filing and could not explain why he had failed to disclose this information on his SOFA.

Mr. Barbour examined Mr. Bertrand about a lawsuit in the Lowell District Court

4

Department of the Massachusetts Trial Court. Mr. Bertrand admitted that he had initiated suit against Mr. Barbour in that court prior to his bankruptcy filing seeking to recover certain demolition equipment that Mr. Bertrand alleged Mr. Barbour refused to return to him and that the lawsuit was pending on the date of his bankruptcy. Mr. Bertrand failed to disclose this lawsuit in section 4 of his SOFA. He also failed to list his claims against Mr. Barbour as an asset on schedule B. He did list the disputed demolition equipment on Schedule B item 24 noting it was in Mr. Barbour's possession. At some point post-bankruptcy the Lowell District Court suit was concluded in Mr. Barbour's favor.

Mr. Bertrand's trial testimony, in addition to establishing multiple unjustified material deficiencies in his bankruptcy petition, schedules and SOFA as described above, established his lack of credibility as a witness. Upon being shown both sides of a check issued by the Town of Tewksbury Massachusetts in 2010 (exhibit 8) and asked to identify the endorsement signature on the back of the check, Mr. Bertrand first testified that he could not read the signature and then testified it was his signature even though the signature is perfectly legible as that of Donna Roy. Upon being shown a New Hampshire Division of Motor Vehicle permit for a 1986 Ford dump truck registered to Bert's Landscaping (exhibit 2), Mr. Bertrand testified he could not say if the truck listed on the permit was the same 1986 Ford truck listed as his personal asset on his schedule B. He conceded that it was, only after being shown a certificate of title for the truck in

his own name bearing the identical VIN number (exhibit 43 page 20). In an attempt to justify not

disclosing Bert's Landscaping anywhere in his bankruptcy papers, Mr. Bertrand also testified

that Bert's Landscaping was a business he had not operated since the 1990s. The New

Hampshire Motor Vehicle permit was issued in 2005, however, thus discrediting Mr. Bertrand's

testimony. Mr. Bertrand's evasiveness and lack of candor as a witness has undermined his

credibility to the degree that his testimony presented no mitigating evidence to blunt the thrust of

Mr. Barbour's case.

   Although Mr. Bertrand testified at trial that he had been taking pain medication at the

time he completed his schedules and SOFA, he also testified that he took pain medication the

day of the trial. His demeanor and speech at trial gave no indication of any physical or mental

impairment and, therefore, I find that his taking pain medication at the time he completed his

bankruptcy papers does not justify their glaring deficiencies.

   Pursuant to Bankruptcy Code § 727(a)(4)(A), a debtor may be denied a discharge if he

"knowingly and fraudulently … made a false oath or account." Because denial of a discharge is a

drastic remedy, **"the reasons for denying a discharge to a bankrupt must be real and substantial,

not merely technical and conjectural." *JPMorgan Chase Bank, N.A. v. Koss (In re Koss)*, 403

B.R. 191, 211 (Bankr. D. Mass. 2009). The false oath cannot be the result of a mistake or

inadvertence or a mere technicality. Reckless indifference to the truth constitutes a fraudulent

intent for purposes of § 727(a)(4)(A). *Boroff v. Tully (In re Tully),* 818 F.2d 106, 112 (1st Cir.

6

1987) (quoting *Diorio v. Kreisler–Borg Constr. Co. (In re Diorio),* 407 F.2d 1330, 1331 (2d

Cir.1969)). *Chase v. Harris (In re Harris)*, 385 B.R. 802, 805 (B.A.P. 1st Cir. 2008). The false

oath must be demonstrated by a preponderance of the evidence that (1) the debtor knowingly and

fraudulently made a false oath, (2) relating to a material fact in connection with the case. *Id.*

citing *In re Tully,* 818 F.2d at 110. Once it reasonably appears that the oath is false, the burden

falls upon the bankrupt to come forward with evidence that he has not committed the offense

charged. *In re Mascolo,* 505 F.2d 274, 276 (1st Cir.1974) (*citing Shanberg v. Saltzman,* 69 F.2d

262 (1st Cir.1934)).

   As the court noted in *Koss*, "[t]he identification of personal property required to be listed

on a debtor's Schedule B is material in connection with a debtor's bankruptcy case, regardless of

the quantity or valuation." *Koss*, 403 B.R. at212. It makes no difference that the debtor did not

intend to injure his creditors, only that he knowingly omitted property. Section 727(a)(4)(A)

protects the integrity of the bankruptcy system and complete disclosure of his assets is the price a

debtor must pay in exchange for a discharge of his liabilities.

   I find the evidence clear and convincing (not just preponderant) that in signing his

bankruptcy petition, schedules and SOFA Mr. Bertrand knowingly and with reckless disregard

(which is the equivalent of fraudulently) made false oaths as to numerous matters of material

importance to his chapter 7 case within the meaning of Bankruptcy Code § 727(a)(4)(A). I will

therefore grant judgment in favor of Mr. Barbour on count IV of the amended complaint.

   As Mr. Barbour failed to carry his burden as to any of the other counts of his amended

complaint, Mr. Bertrand's oral motion for judgment on partial findings is hereby granted as to all

those counts. Judgment will therefore enter for Mr. Bertrand on counts I, II, III, V, VI,VII, VIII,

IX and X of the amended complaint.

At Worcester, Massachusetts this 21st day of August, 2014.

By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:    Charles Barbour, Jr.
                      *pro se*

                      Richard Gottlieb, Esq.
                      Boston, MA
                      For William Francis Bertrand, defendant